**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| | § | **CASE NUMBER 6:23-CR-00127-JDK** |
| **v.** | § § § | |
| **TRAVIS CHARLES SMITH III,** | § § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On July 30, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Travis Charles Smith, III. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 15 and a criminal history category of III, was 24 to 30 months. The offense carried a maximum imprisonment term of 10 years. On July 7, 2014, District Judge J. Campbell Barker sentenced Defendant to 28 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse aftercare, mental health aftercare, and a $100 special assessment. On August 15, 2022, Defendant completed his term of imprisonment and began his term of supervised release. Thereafter jurisdiction was transferred out of this district, and on December 5, 2023, jurisdiction was returned to this district and the case was assigned to the Honorable Jeremy D. Kernodle.

1

Under the terms of supervised release, Defendant was required to remain in his authorized federal judicial district unless first receiving permission from the probation officer or the court. In Allegation 6 of its petition, the government alleges that Defendant violated the conditions of his supervised release when he left the Northern District of Texas and was involved in an accident in the Western District of Oklahoma on August 24, 2023. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by leaving the authorized judicial district without permission, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 6 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 8 months imprisonment, to be served consecutive with any term of imprisonment in Case No. 6:23-cr-00115-001, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 8 months imprisonment, to be served consecutive with any term of imprisonment in Case No. 6:23-cr-00115-001, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FMC Fort Worth, Texas, if available, or alternatively, FCI Bastrop, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 30th day of July, 2024.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE